Arthur DeLille, Dependent of Paul DeLille, Deceased, Appellant, v. Holton-Seelye Company and General Accident, Fire and Life Assurance Corporation, Insurer.—66 S. W. (2d 834.

Division Two, December 20, 1933.

*Joseph H. Brogan* and *Holland R. Polak* for appellant.

466

*Allen, Moser & Marsalek* for respondents.

WESTHUES, C.—This is an appeal from a judgment of the Circuit Court of the City of St. Louis, Missouri, affirming an award of no compensation made by the Compensation Commission. Deceased, father of appellant, had been employed by respondent as a carpenter. He died suddenly while at work on August 28, 1931.

The contention of appellant is that the award of the commission was not supported by evidence and that the commission's order was based on an erroneous conclusion of law. The order of the commission reads as follows:

" 'On review award dated March 29, 1932, is hereby reversed and set aside. We find from the evidence that employee's death was the result of disease and was neither caused nor aggravated by an accident arising out of and in the course of his employment on August 28, 1931. At the time employee fell over he was not subjected to any unusual strain, but he was doing the ordinary work incidental to his work as a carpenter. It is also our opinion from the evidence that the deceased's condition had reached such a stage that death was liable to occur at any time. Compensation should not be awarded where employee has a chronic diseased condition which has reached such a stage that death is liable to ensue at any time, and death came while he was doing the ordinary work of his employment. It is our opinion that that is what occurred in the case at bar, and compensation must be denied.' "

Section 3305(b), Revised Statutes 1929, as amended by Laws of 1931, page 383, subdivision (b), reads in part as follows:

"The word 'accident' as used in this chapter shall, unless a different meaning is clearly indicated by the context, be construed to mean an unexpected or unforeseen event happening suddenly and violently, with or without human fault and producing at the time objective symptoms of an injury. The terms 'injury' and 'personal injuries' shall mean only violence to the physical structure of the body and such disease or infection as naturally results therefrom. The said terms shall in no case except as hereinafter provided be construed to include occupational disease in any form, nor shall they be con-

**468**

strued to include any contagious or infectious disease contracted during the course of the employment, *nor shall they include death due to natural causes occurring while the workman is at work.* 'Death' when mentioned as a basis for the right to compensation means only death resulting from such violence and its resultant effects occurring within three hundred weeks after the accident." (Italics ours.)

The Compensation Commission evidently based its order denying compensation on that part of the section italicized. If the evidence in the record justified the finding of fact that deceased's "death was the result of disease and was neither caused or aggravated by an accident arising out of and in the course of his employment" then we are not authorized to disturb the award.

■ There is an abundance of evidence in the record to the effect that deceased was apparently in good health up to the very moment of his death. Death came almost instantaneous. Witnesses testified deceased had gone about his work in his usual manner, had not complained of feeling badly and a few moments before he died had been asked if he wanted a drink of water. Deceased smiled and answered in the negative. Immediately prior to his death deceased was in the act of sawing a piece of lumber lengthwise with a ripsaw.

The cause of death, as testified to by doctors of good standing, was the rupture of a heart vessel caused by an aneurism which was described as a sac formed upon the wall of a blood vessel due to a diseased condition of the vessel wall. One of the doctors testified he had examined the aneurism and found a soft spot where it had broken. One of appellant's medical witnesses testified:

"A patient suffering from an aneurism lying in bed and absolutely still, yet the normal beating of the heart may, if the aneurism has progressed to a sufficient point, produce a rupture and death."

Another doctor testified as follows:

"Taking the condition of this man as I found it at the post-mortem and as described by me, the exertion resulting from this man's—just ordinary walking, that could have produced a rupture of that aneurism in my opinion. The aneurism in the condition it was as I found it at the post-mortem could have ruptured in his sleep."

Appellant lays much stress upon the fact that the work deceased was performing caused his pulse rate to increase and thereby hastened death. The testimony disclosed, and it may be said to be common knowledge, that any physical exertion tends to increase, at least to some extent, the pulse rate. Our statute, however, expressly says that "death due to natural causes occurring while the workman is at work shall not be compensable."

■ The order of the commission is sustained by sound reason and good authority. We desire to quote with approval from Betts v. American Stores Co. (Pa.), 161 Atl. l. c. 590 (1-4), the following appropriate language:

"It is well settled that death, caused by overexertion in the course of employment, is an accident compensable under the Workmen's Compensation statutes. [See Skroki v. Crucible Steel Co., 292 Pa. 550. 553, 141 Atl. 480, and cases there cited.] It is likewise well settled that death, in the course of employment resulting from natural causes, is not an accident or compensable. [Gausman v. R. T. Pearson Co., 284 Pa. 348. 131 Atl. 247. 249; Lesko v. Lehigh Valley Coal Co.. 270 Pa. 15. 112 Atl. 768.] The line of demarcation is stated by Mr. Justice WALLING in the Gausman Case as follows: 'Disability, overtaking an employee at his work. is not compensable unless the result of accident. . . . True, Dr. Frederick attributed the exhaustion or stoke to claimant's exertion in the performance of his work, and expressed the opinion that, but for the work. it would not have happened at that time: in other words, that the disability was hastened by the work. Even so, that alone would not constitute an accident; otherwise it would be unsafe to give employment to any one advanced in years. Disability, hastened by such exercise, cannot be treated as accidental; neither can death or disability, overtaking an employee in the course of his employment and resulting from a natural cause: if it could, it would render the employer an insurer of the life and health of the employee.''

[See, also, Sanitary Dist. of Chicago v. Industrial Commission, 175 N. E. 372, 1. c. 374 (1. 6), 343 Ill. 236, and Hicks v. Meridian Lumber Co., 152 La. 975, 94 So. 903.]

We have not overlooked the principle of law announced in Hartford Accident, etc., Co. v. Industrial Commission of Ariz. (Ariz.). 299 Pac. 1026: Harder v. Thrift Const. Co. (Mo. App.). 53 S. W. (2d) 34. and Gilcrest Lumber Co. v. Rengler. 109 Neb. 246. 190 N. W. 578. 28 A. L. R. 200. and kindred cases wherein there was a dispute in the evidence as to whether the deceased's death or the injury was caused solely by disease or by accident. In each of these cases, however, there was an accident and evidence of an injury or evidence of an unusual condition. The cases hold that even though a workman is in a weakened condition due to disease and the accident would not have resulted in death or injury except for the weakened condition, nevertheless, the case is compensable because the accident produced death or injury.

We also recognize the rule as announced in Kripplaben v. Jos. Greenspon's Sons, etc.. Co.. 50 S. W. (2d) 752. and Schulz v. Great Atl. & Pac. Tea Co., 331 Mo. 616. 56 S. W. (2d) 126, that an injury sustained through exposure to the elements such as heat and cold arising out of and in the course of employment are compensable provided the injured party was exposed to a greater danger than that to which the other persons in the community were subjected. In such cases the excessive heat or cold produced the injury. Claimant in this case did not produce any evidence of this nature.

■ The burden is on the party claiming compensation to show that death or injury resulted from an accident within the meaning of the term as defined by the statute. [Hartford Accident, etc., Co. v. Industrial Commission, and Sanitary District of Chicago v. Industrial Commission, supra; Micale v. Light (Pa.), 161 Atl. 600; Green's Case (Mass.), 165 N. E. 120, Sinkiewicz v. Lee and Cady (Mich.), 236 N. W. 784.] This court very recently so announced the rule in Doughton v. Marland Refining Co., 331 Mo. 280, 53 S. W. (2d) l. c. 241, where we said:

"It is true there was other expert evidence from which it could be found that the injury, if deceased received one, was the immediate cause of his death. But it is not sufficient for recovery to show that the injury or death complained of resulted from one or the other of two causes for one of which but not the other the defendant would be liable. The plaintiff must produce evidence from which it may reasonably be found that such injury or death resulted from the cause for which the defendant would be liable. If the evidence is such as to authorize a finding either way and the triers of the facts find against the plaintiff's claim, that finding is necessarily conclusive on appeal."

Appellant in his brief says:

"As previously stated, the conclusion is inevitable that the writers of the final award had not familiarized themselves with the case law on the subject.

"Certainly they never read the case of Harder v. Thrift Construction Co., 53 S. W. (2d) 34."

In answer to that statement it will be sufficient to quote from that case the following:

"On October 27. 1928, James H. Harder. an employee, was injured by accident concededly arising out of and in the course of his employment, when a quantity of molten lead was caused to strike his right arm, inflicting first and second degree burns. . . .

"Generally speaking. the rule is that the act contemplates latent or dormant ailments: that the existence of a disease which does not impair the employee's ability to work will not prevent a recovery *if the accidental injury* accelerates or aggravates such disease to a degree of disability or of death; and that an actual aggravation of an existing infirmity caused by accident arising out of and in the course of the employment is compensable. even though the particular accident would have produced no such result in the case of a normal and healthy individual." (Italics ours.)

The evidence in this case fully supported the finding of the commission that deceased's death was due to natural causes and that he received no injury due to an accident as contemplated by our statute. No other finding could have been made that would have been consistent with the overwhelming weight of the evidence.

The judgment of the circuit court is affirmed. *Cooley* and *Fitzsimmons, CC.,* concur.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All the judges concur.