227 S.W.2d 523 (1950)
THOMPSON
v.
SUNSET COUNTRY CLUB.
No. 27703.
St. Louis Court of Appeals. Missouri.
February 21, 1950.
Rehearing Denied March 24, 1950.
*524 Feigenbaum & Feigenbaum, St. Louis, J. M. Feigenbaum, St. Louis, for appellant.
William H. Tombrink, St. Louis, Strubinger, Tudor, Tombrink & Wion, St. Louis, for respondent.
WOLFE, Commissioner.
This is a suit for damages arising out of personal injuries received when the plaintiff fell while following a golf tournament at the Sunset Country Club. She alleged in her petition that she tripped on a rock which was concealed by tall grass. The occurrence complained of took place while she was proceeding over the course and she avers that the defendant knew or should have known that the rock was there and constituted a danger to the attending guests.
The trial resulted in a verdict for the plaintiff in the sum of $3,000. The defendant filed a motion to set aside the verdict and judgment and to enter a judgment for the defendant in accordance with its motion for a directed verdict. This motion was sustained and from the following judgment entered for the defendant plaintiff prosecutes this appeal.
The facts of the case are that the plaintiff with her husband and some friends on May 26, 1946, attended a golf tournament that was being played upon the grounds of the Sunset Country Club. It had rained during the day and the ground was moist but there was nevertheless a large number of people following the match. The crowd was estimated by the plaintiff to have been between 500 and 1,000 and by her husband between 1,000 and 2,000. They were watching a championship contest between three very famous golfers who had "teed off" for the eighteenth hole. Plaintiff's party started to follow the players with the rest of the spectators. Plaintiff's husband had hurried ahead and plaintiff and her sister were behind most of the spectators. On the eighteenth fairway was a ravine which was traversed by a long narrow bridge some 46 feet high which was closed to the public for safety reasons. Plaintiff started to cross the bridge, but she was stopped by one of defendant's employees who told her, "Go that way", pointing in the direction that the other spectators were going which was down a hill toward a small ravine. Plaintiff walked down a grassy slope where others were walking. The slope was rocky and as plaintiff proceeded she kicked a rock, which *525 she said was concealed by grass, and fell, breaking her ankle. There was a well defined pathway down the hill which plaintiff said she did not see and did not use.
The only point raised is that the court erred in setting aside the verdict and judgment for the plaintiff and entering a judgment for the defendant in that the plaintiff made a case properly submissible to the jury.
The law imposes upon the proprietor of a place of public amusement the degree of care that is reasonably commensurate with the character of the amusement or game presented or played within the place. It has been held many times that the proprietor of such a place is not the insurer of the patron's safety. Hudson v. Kansas City Baseball Club, Inc., 349 Mo. 1215, 164 S.W.2d 318, 142 A.L.R. 858; Berberet v. Electric Park Amusement Co., 319 Mo. 275, 3 S.W.2d 1025, 61 A.L.R. 1269; Olds v. St. Louis National Baseball Club, 232 Mo.App. 897, 104 S.W. 2d 746; Grimes v. American League Baseball Co., Mo.App., 78 S.W.2d 520; Brummerhoff v. St. Louis National Baseball Club, Mo.App., 149 S.W.2d 382. Therefore, the burden was upon the plaintiff to show that she had been subjected by the defendant to some danger not reasonably incident to the game and that the defendant knew of this danger or should have known of it in the exercise of ordinary care.
It is maintained by the plaintiff that she presented sufficient proof of defendant's negligence and in support of her position she relies upon three cases: Wainwright v. Westborough Country Club, Mo.App., 45 S.W.2d 86; Hudson v. Kansas City Baseball Club, 349 Mo. 1215, 164 S.W.2d 318, 142 A.L.R. 858; Stickel v. Riverview Sharpshooters Park Co., 250 Ill. 452, 95 N.E. 445, 34 L.R.A.,N.S., 659.
In the case of Wainwright v. Westborough Country Club, the defendant maintained a lake or "water hazard" on its golf course and encouraged small boys whom it employed to go into the lake to retrieve golf balls. The plaintiff's son was one of the boys and in attempting to retrieve a ball he was drowned. This court held that there was a duty on the part of the defendant to warn the boy of the danger of the deep water and that the facts presented a jury question. The relation of master and servant was present in the case and the boy was directed to do an inherently dangerous thing when he was told to go into a lake deep enough to drown in.
In the case of Hudson v. Kansas City Baseball Club, Inc. the plaintiff testified that he had asked for a reserved seat and that he was under the impression that he was seated behind a wire netting. He maintained that there was a duty upon the defendant to furnish screening to protect him from the danger incident to foul balls or to notify him that there was no screen provided. Our Supreme Court held, in affirming the action of the trial court in sustaining the demurrer to the evidence, that it should have been obvious to the plaintiff that no screen was provided and that he had elected to watch the game with full knowledge of the dangers incident to it.
Stickel v. Riverview Sharpshooters Park Co., the Illinois case relied upon, has to do with an amusement resort where the plaintiff was pushed into a sharply descending slide to which she objected to descending. She went down with considerable speed and broke her leg as she struck the ground. The court held that the evidence was sufficient to submit to the jury the question of whether appellant performed its duty to use due and reasonable care to see that the attractions used by its concessionaires were reasonably safe for the purpose for which the public were invited to use them.
We find no analogy in the facts presented by these cases to the evidence before us for the rocky descent was not an unusual thing to encounter on a golf course since the game is played over acres of irregular terrain, some of which is intentionally left in a rough state. Plaintiff's husband was a golf player and she had seen him play on occasions and knew enough about the game to be familiar with the general character of golf courses. In following the players she assumed the risks ordinarily incident to watching such a match and to walking over the course.
*526 The question of the risks assumed by patrons at a ball game has been quite fully discussed in the case of Hudson v. Kansas City Baseball Club, Inc., above cited, and the same rules apply here.
It was stated in American Jurisprudence, Volume 52, Paragraph 66: "The rules which define the duties and liabilities of owners or proprietors of baseball parks toward their patrons are equally applicable to other exhibitions and games which involve rapidly moving balls and other hard objects, such as golf and hockey. The mere ownership or operation of a public golf course does not impute liability for injury from a golf ball driven by a player thereon, and the owner or operator thereof is not an insurer of any person lawfully on the course. He is not liable, in the absence of some breach of the duty of due care, for injury to a player or person lawfully on the course from a golf ball driven by another player on the course, or for injuries due to other accidents, mishaps, or misadventures, or, it seems for those which result from the common hazards or perils incident to the game." (Emphasis ours.)
Plaintiff contends that in following the match she was going as directed and that the defendant is charged with knowledge that the rock was in her way. The evidence shows that the rock was six inches in diameter, embedded in the ground at least to some extent and above the surface to a height sufficient for plaintiff to kick it when walking. Since we cannot say that this presented evidence of any unusual hazard the question of defendant's knowledge of the rock being there is of no weight. However, there is no evidence that the proprietor had any knowledge of a protruding rock over which a patron might trip.
It follows that there was no showing of negligence sufficient to submit that question to the jury and the trial court did not err in setting aside the verdict and entering judgment for the defendant in accordance with its motion for a directed verdict.
The Commissioner therefore recommends that the judgment be affirmed.
PER CURIAM.
The foregoing opinion of WOLFE, C., is adopted as the opinion of the court.
The judgment of the circuit court is accordingly affirmed.
ANDERSON, P. J., and HUGHES and McCULLEN, JJ., concur.