STATE OF MISSOURI, at the Relation of UNITED TRANSPORTS, INC., a Corporation, Relator, v. HON. DAVID E. BLAIR, HON. ROBERT J. SMITH, and HON. JAMES F. FULBRIGHT, Judges of the Springfield Court of Appeals.—No. 38421.—180 S. W. (2d) 737.

Court en Banc, June 5, 1944.

*Moser, Marsalek & Dearing* and *J. C. Jaeckel* for relator.

*Norman & Foulke* and *Henry Warten,* for respondents.

TIPTON, J.—This is a certiorari to review the opinion of respondents in the case of Neidert v. United Transports, Inc., reported in 167 S. W. (2d) 404, wherein the respondents affirmed an award of the Workmen's Compensation Commission which held that the claimant, Neidert, received injuries as a result of an accident while an employee of relator.

The sole question before the respondents was: Did the claimant employee receive an accident, as that word is defined by the Workmen's Compensation Act, which is found in Section 3695, R. S. Mo. 1939? Subsection (b) of that section is as follows: "(b) The word 'accident' as used in this chapter, shall, unless a different meaning is clearly indicated by the context, be construed to mean an unexpected or unforeseen event happening suddenly and violently, with or without human fault and producing at the time objective symptoms of an injury . . . ."

In respondents' opinion, they found, "The evidence of Dr. Moody tended to show some 'objective symptoms of an injury.' The evidence also tended to show that the event was both sudden and violent. We therefore feel that there was substantial evidence before the commission that the event was sudden and violent and produced 'objective symptoms' of an injury. Was the event itself unexpected or unforeseen?"

In answering that question, the respondents said: "So all we have to do is to determine whether the commission was justified

under the evidence in finding that such injury came within the meaning of 'accident,' as defined by said Section 3695, R. S. 1939.

"There was evidence from which the Commission could have found that the event was unexpected or unforeseen. The claimant was changing an automobile tire and apparently was not expecting the force he was exerting on the pipe to cause any strain. There was no evidence that complainant was not hearty and well at the time. He complained of soreness immediately afterward. Complainant testified that he had changed many tires before that and did not customarily put his foot on the pipe. We think the commission was justified, under the evidence, in finding that the strain received by claimant was an accident within the meaning of Section 3695, R. S. Mo. 1939.

"In one sense, every act of an employee is intentional. It was necessary for complainant to remove the tire on the road, when said tire could no longer be used in that condition. It was to be expected that force applied in the usual manner would effect removal of the lug which held the tire on the wheel. When the usual and ordinary force would not cause such removal, complainant pulled and tugged on the pipe to loosen the lug and, in so doing, according to the evidence before the commission, received the strain, afterwards found to be a bad rupture. *We think there was sufficient evidence authorizing the commission to find that the event was both unexpected and unintentional, and, therefore, an accident within the meaning of Section 3695, R. S. 1939.*" (Italics ours.)

The relator contends respondents held that the "injury" or rupture that the claimant received was the "event" or "accident" which was "unexpected or unforeseen" and there was no finding of a mishap "in part at least external to the body itself," and, therefore, no compensable accident was established and the respondents' opinion conflicts with our cases of DeLille v. Holton-Seelye Co., 334 Mo. 464, 66 S. W. (2d) 834; Joyce v. Luse-Stevenson Co., 346 Mo. 58, 139 S. W. (2d) 918; and State ex rel. Hussman-Ligonier Co. et al. v. Hughes et al., 348 Mo. 319, 153 S. W. (2d) 40.

In the DeLille case, supra, the deceased employee was a carpenter, was doing his work in his usual manner, and was apparently in good health. We held that there was substantial evidence to support the award of the commission in denying the claim because there was medical testimony showing that the deceased employee died of aneurysm which was described as a sac formed upon the wall of a blood vessel due to a diseased condition of the vessel wall, and that death was a natural one resulting from this disease. The finding of the commission, therefore, was in accord with the act defining an "accident" which says, "The said terms ['injury or personal injuries'] shall in no case except as hereinafter provided be construed to include . . . death due to natural causes occurring while the workman is at work."

We find no conflict between respondents' opinion and the opinion in the DeLille case. The rupture in the case at bar was not the result of a chronic condition but was caused, "When the usual or ordinary force would not cause such removal [of the lug which held the tire], complainant pulled and tugged on the pipe to loosen the lug and, in so doing, according to the evidence before the commission, received the strain, afterward found to be a bad rupture." In other words, the lug which held the tire could not be removed in the usual manner, but had to be removed in the "abnormal" manner by "putting his foot on the pipe" and, therefore, was an "accident" under subsection (b) of Section 3695, supra.

In the Joyce case, supra, the deceased was a plasterer working for sometime in the basement of a new building. In doing his work in the basement, he had to stand in water, getting his feet wet. He contracted pneumonia. We held that the disease resulted from exposure in the ordinary course of the employee's work and, therefore, was not compensable because there was no "accident." In distinguishing that case from the case of Tindall v. Marshall's U. S. Auto Supply Co., 348 Mo. 1189, 159 S. W. (2d) 302, l. c. 306, we said, "Cases cited by us in that case [Joyce case] indicate if Joyce had contracted disease by being suddenly drenched with cold water we would have held the injury to be the result of a compensable accident." As we have said before, respondents held that the claimant received a rupture by the ▮▮▮ abnormal "event" of the pulling and tugging on the pipe to loosen the lug. Therefore, there is no conflict between the opinion of respondents and the Joyce case.

The last case relied upon by relator is State ex rel. Hussman-Ligonier Co. et al. v. Hughes et al., supra. That was a certiorari case to review the opinion and decision of the St. Louis Court of Appeals, which had reversed the judgment of the circuit court affirming the award of the commission which had denied compensation for the death of relator's deceased employee. In that case, deceased had been laid off and returned to work only a day or two before the occurrence of the alleged accident and had been given a medical examination before he returned to work and pronounced in good health. On the morning of the alleged accident, he walked from his home to his work, a distance of about one mile. His first duty was to lift and carry a five-gallon bucket of water, weighing about forty-five pounds, a distance of about sixty feet. When he lifted this weight, he felt a sharp pain in his chest and was taken home. He died some months later.

In ruling the case, we said, "The facts in the DeLille case, supra, are very similar to those in the instant case. In both, the injury and death were caused, or hastened, by an increased flow of blood through diseased blood vessels; such increased flow being due to necessary and customary physical exertion incident to the normal duties of the workman. In neither case was there any unusual occurrence, such

as a slip, or fall, or abnormal strain. On similar facts, we think the opinion of the court of appeals conflicts with the DeLille case. On the principles of law decided, we think the opinion conflicts with both the DeLille case and the Joyce case, supra.''

In that case, the employee was doing his work in his normal manner, while in the case at bar, we have already said the employee's injury was the result of the abnormal way he was doing the work of removing the tire. There is no conflict between the two cases. In fact, the respondents followed the Hussman-Ligonier Co. case.

After quoting subsection (b) of Section 3695, supra, which defines an accident, the respondents said: ''Of course, the means was expected and intentional. Only the result was unexpected or unforeseen. The statute here defines 'accident' as constituting result and not means. There was evidence that the strain of pulling on the pipe on the wrench placed on the lugs of the tire caused some injury to respondent at the time. Was such strain and resulting rupture an accident within the meaning of subsection (b) of Section 3695, R. S. 1939?''

The relator contends that this statement conflicts with our three cases above mentioned, but looking at this statement in light of the opinion as a whole, we cannot agree with relator. When respondents said, ''Of course, the means was expected and intentional,'' this must refer to the tools being used by the claimant and the kind of work he was doing when he was ruptured. The respondents' opinion next says, ''Only the result was unexpected or unforeseen.'' The proper interpretation of that sentence is that it was unexpected or unforeseen that the act of taking tools to change a tire would result in encountering a condition of frozen lugs, the jerking and pulling and tugging with a pipe, which never before were encountered, were elements included in the meaning of the word ''results'' as used in the opinion and they constitute the ''event'' which unquestionably was unexpected and unforeseen. We do not understand from the respondents' opinion that the use of the word ''result'' referred to the rupture.

Was the evidence sufficient to show an accident, was the question before respondents, and the above quotation objected to by relator was unnecessary to a determination of the issues decided.

''Of course, if the criticised portion of respondents' opinion, supra, was not necessary to a determination of the issues decided and was not the basis for the decision, then this court would not be authorized in quashing the opinion on certiorari. State ex rel. Brigance et al. v. Smith et al., 345 Mo. 793, 135 S. W. (2d) 355, loc. cit. 358; State ex rel. Talbott v. Shain, 334 Mo. 617, 66 S. W. (2d) 826, 828. 'Certiorari proceedings involving conflicts in rulings are not concerned with dictum or non-consequential inconsistencies, if any, appearing arguendo in an opinion. They do not rise to the dignity of a ruling.' State ex rel. Terminal R. R. Ass'n. of St. Louis v. Hughes et al.,

350 Mo. 869, 169 S. W. (2d) 328, 330.'' State ex rel. Appel et ux. v. Hughes et al., 351 Mo. 488, 173 S. W. (2d) 45.

We find that the respondents' opinion does not contravene any of our opinions ruling the question either on similar facts or principles of law decided, but on the contrary, the respondents have followed our controlling cases.

Finding no conflict, our writ of certiorari is quashed. All concur.