John CLOSSER, Appellant,

v.

The FLEMING COMPANY and Aetna Casualty and Surety Company, Respondents.

No. 24070.

Kansas City Court of Appeals.

Missouri.

Dec. 7, 1964.

Motion for Rehearing or Transfer to Supreme Court Denied

Feb. 1, 1965.

Thaine Q. Blumer, Kansas City, Blumer & Wright, Kansas City, of counsel, for appellant.

James F. Stigall, Kansas City, Linde, Thomson, VanDyke, Fairchild & Langworthy, Kansas City, of counsel, for respondents.

MAUGHMER, Commissioner.

Claimant has appealed from the denial of his claim for workmen's compensation benefits. He alleges that on February 5, 1962, while in the course of his employment as a truck driver by defendant he sustained injuries. He asserts that these injuries were incurred in and resulted from an "accident" within the meaning of the Act.

The Referee and the Industrial Commission found that claimant "did not sustain an injury by accident arising out of and in the course of his employment" and denied the claim. On review, the circuit court affirmed. Claimant asserts that the trial court erred in affirming the award of the Commission because his injury was the result of "unusual strain" or "abnormal strain" and therefore was an accident within the meaning of the Act. On appeal

we are confronted with one question, namely, "did claimant sustain an injury caused by accident arising out of and in the course of his employment"?

The courts have many times declared and it is generally understood that we cannot substitute our judgment on a disputed question of fact for that of the Commission. What we must decide is whether or not that body could reasonably have made the finding that it did make. The burden is on claimant to prove a compensable injury.

On February 5, 1962, John Closser, the claimant, arrived at the Meadowbrook Super Market in a tractor-trailer unit with a load of groceries. Two employees of Meadowbrook assisted Closser in unloading. The frozen foods located in the back of the truck were unloaded first and without incident. Then the men began unloading sugar which had been placed in the nose of the truck. Some of the sugar bags contained 12 sacks, weighing five pounds each and some contained 6 sacks, weighing ten pounds each. Each bag, therefore, weighed 60 pounds. The claimant was required to put the bags onto a conveyor which carried them from the truck to the loading dock. Claimant said that more than half had been unloaded and then a bag of sugar did not roll down the conveyor easily and he had to push; that the conveyor suddenly stopped and he felt a sharp pain in his back and hip area. He said that at this particular time he was twisting his body in an unusual manner. The witness Newton testified that at the time of the injury claimant's back was "twisted like a pretzel". The claimant, the witness Newton and Gerald Ervin, who was also helping to unload the sugar, were the only witnesses to the occurrence. We quote from plaintiff's own testimony:

"Q. Now, you would lift these sacks of sugar with both hands and twist your body to the right and place them on the roller, is that correct? A. Yes.

"Q. And you intended to twist your body in the manner that you did, is that correct? A. Repeat that.

"Q. You intended to twist your body in the manner that you did—is that correct? A. Yes.

"Q. And you twisted your body in that manner on each prior occasion, didn't you? A. To put it on the roller?

"Q. Yes, on each occasion before you claim you were injured?

MR. BLUMER: You mean on different dates?

MR. STIGALL: No, that particular day.

"Q. (By Mr. Stigall:) You twisted your body the same way each time, didn't you?

MR. BLUMER: Each time before this incident?

MR. STIGALL: Yes. A. Yes.

*   *   *   *   *   *

"Q. And you had unloaded about half the sugar before you claim you were injured? A. Over half.

*   *   *   *   *   *

"Q. And you allege that the pain or injury occurred as you were pushing this sugar down the roller with your left hand? A. That is correct.

"Q. And you intended to lift this sugar and place it on the roller in the manner that you did? A. Yes.

"Q. And they were all lifted the same way except you had to bend down more for some than you did for others? A. Yes, sir.

"Q. You intended to twist your body in the manner that you did, didn't you? A. Yes.

"Q. You planned to do it that way? A. That's the only way to do it.

"Q. And you twisted your body in that manner on each prior occasion, didn't you? A. Yes.

"Q. You did it the same way each time? A. Yes.

"Q. And you had unloaded about twelve or fifteen sacks of sugar under similar conditions before you felt this pain in your hip? A. There was more than that.

"Q. Even more than that? A. Yes.

"Q. And you exerted the same amount of strength in pushing those other sacks of sugar as you did the time you felt the pain, is that correct? A. Will you repeat that?

"Q. You exerted the same amount of strength in pushing those other sacks of sugar as you did the time you felt the pain, is that correct? A. Yes.

"Q. And the only difference between this time and all the other times was that this time you felt the pain in your hip, is that correct? A. Yes."

After the alleged injury claimant resumed working within a "matter of seconds". He first told defendant company's foreman about it on the following morning. He first visited a doctor one week after the occurrence. Plaintiff was off work for three weeks, then was operated for a ruptured disc. On July 25, 1962, plaintiff began work as a truck driver for Crouch Brothers and was so working when the hearing was held on September 5, 1962.

The Industrial Commission affirmed the award of the Referee denying compensation and stated:

"We find from all the evidence that the employee has failed to prove that he sustained an accident arising out of and in the course of his employment within the meaning of the Missouri Workmen's Compensation law. We are further of the opinion that the employee's own evidence negates the con-

tention that he sustained an abnormal or unusual strain which constituted the alleged accident".

Section 287.020(2) gives this definition of "accident" as meant by the Act:

"The word 'accident' as used in this chapter shall, unless a different meaning is clearly indicated by the context, be construed to mean an unexpected or unforeseen event happening suddenly and violently, with or without human fault and producing at the time objective symptoms of an injury".

The question as to just what facts and circumstances constitute an accident so as to be compensable under the Missouri Workmen's Compensation Act has been disputed for many years. Our appellate courts have apparently had some difficulty in determining the law and applying it to various facts and situations. The Supreme Court en banc. in Crow v. Missouri Implement Tractor Company and Hardware Mutual Casualty Company, Mo., 307 S.W. 2d 401, 405, held that a slip or fall was not necessary but that a recovery could be founded upon an unusual strain or exertion without a slip or fall. In the Crow case the claimant had sustained an injury while he was manually holding up the elevator to a corn picker. He did not in the discharge of his usual and regular duties, manually hold up the elevator. It appeared from the evidence that this particular machine was new and due to paint on the equipment, the turnbuckle could not be turned and the elevator adjusted in the usual way. The Commission found factually that insured had suffered an "abnormal strain" but that it was not preceded by any "unusual or unexpected occurrence" and denied compensation. The Supreme Court ruled that such an "abnormal strain" sustained in unusual circumstances could become the basis of an affirmative award and cited examples from two other cases in the following language:

"In Baird v. Gleaner Harvester Corporation, Mo.App., 172 S.W.2d 892, the employee was injured because some extra weight was suddenly shifted to him and he sustained an injury to his back. In State ex rel. United Transports, Inc. v. Blair, 352 Mo. 1091, 180 S.W.2d 737, the employee was injured while attempting to loosen a lug which held a tire on an automobile".

It will be noted that in these two examples the strain was not only "abnormal" but occurred when the employee's working procedure had deviated from the normal routine. On page 405, the Supreme Court opinion made reference to and quoted approvingly the rule announced by the Supreme Court of Maryland as follows:

"The court stated the general rule to be as follows [Keely-Springfield Tire Co. v. Daniels, 199 Md. 156, 85 A.2d 795], 85 A.2d loc.cit. 797(1): 'This broad rule, which has been adopted quite generally in the United States following the decisions in England, has not been fully accepted in Maryland. In this State the sudden and unexpected rupture of some portion of the internal structure of the body, or the failure of some essential function of the body, is held to be an accidental injury only when it results from some unusual strain or exertion of the employee or some unusual condition in the employment".

The Springfield Court of Appeals (Brotherton v. International Shoe Company, Mo. App., 360 S.W.2d 108) has recently reviewed and discussed this whole matter. Brotherton, while unloading a perforator, was using a long wrench with a pipe over the handle of the wrench. He moved out on the end of the pipe and bounced up and down to pry the perforator loose. His foot slipped and he hurt his back. In part, the Commission found "while employee's exertions in pulling on said pipe, may have been unusual, abnormal and outside of the scope of his normal activities, the evidence does not so indicate" and denied compensation. The appellate court held that

Brotherton's abnormal and unusual strain was sufficient to constitute a compensable accident and reversed the Commission. The court there referred to and again approved its statement of the rule as declared in Williams v. Anderson Air Activities, Mo.App., 319 S.W.2d 61, as follows:

"Where an employee suffers an *unexpected and abnormal strain* (at least while he is engaged in doing something beyond and different from his normal routine) and, as a result thereof, sustains an injury which is not the result of orderly natural causes, the injury is an accident within the meaning of sec. 287.020(2)".

Both parties have cited the very recent case of Flippin v. First National Bank of Joplin, Mo.App., 372 S.W.2d 273. In that case the claimant, a 42 year old custodian of defendant's bank building, who had been apparently in good health, collapsed and died from a coronary heart attack after shoveling snow extensively from the sidewalk area. The Commission awarded compensation but the Springfield Court of Appeals reversed and held that the deceased had not suffered an "accident" within the meaning of the Act.

■ From a study of the above authorities, we can arrive at two rather definite conclusions: (1) It is not necessary that claimant slip or fall; (2) If claimant suffers an injury resultant from an "abnormal strain" and while he is engaged in doing something different from his normal working procedure, it is an accident under the Act and compensable. Where such a situation exists our courts have ruled accidents and approved recoveries, especially where the Commission has made an affirmative award and findings. But as this court stated in Hall v. Mid-Continent Mfg. Company, 366 S.W.2d 57:

"However, if, for example, an employee's customary duties require him to regularly lift 150 pound sacks of feed or swing a pick mining coal and

on one of these occasions while lifting or swinging, he injures his back, we doubt if he has suffered an accident within the meaning of the Act or under the Missouri decisions herein cited".

■ In our case Mr. Closser does not claim that he slipped or fell. He was doing the same work that he had done for two years and doing it in the same way. His method in attempting to unload the sugar bags was identical with the method used by him on various other occasions. The evidence all supports this conclusion. In fact, such was the claimant's own testimony. The Commission found that on this occasion he was not exerting any more force or pushing in any different manner than on other occasions. The strain cannot be said to have been abnormal or unexpected, only the result, the injury, can be said to have been unexpected. We believe that all of these conclusions are supported by the evidence. It must be remembered that this court, as to factual findings, cannot substitute its judgment for the findings of the Commission, but rather must affirm that body unless the findings are unsupported by substantial evidence, in which event the question becomes one of law.

■ It is our conclusion that under the law and the facts the Commission was correct in holding that "employee did not sustain an injury by accident arising out of and in the course of his employment".

The judgment of the circuit court affirming the finding of the Commission denying compensation is affirmed.

SPERRY, C., concurs.

PER CURIAM.

The foregoing opinion of MAUGHMER, C., is adopted as the opinion of the Court.

All concur.