Avery BROWN, Plaintiff-Respondent,

v.

BOULEVARD VILLAGE, INCORPORATED, and Firemen's Fund Insurance Company, Defendants-Appellants.

No. 24797.

Kansas City Court of Appeals.

Missouri.

Dec. 4, 1967.

Thad C. McCanse, Houts, James, McCanse & Larison, Kansas City, for appellants.

C. William Garver, Kansas City, for respondent.

MAUGHMER, Commissioner.

This is a claim for workmen's compensation benefits. The Referee awarded claimant $658.75, based upon a ten percent permanent partial injury to the right ankle. Upon review, the Industrial Commission unanimously reversed the Referee and entered an award allowing no compensation. The circuit court reversed the Commission and held there was "not sufficient competent evidence in the record" to support the award of the Commission. The employer and insurer have appealed.

■ Respondent complains that the transcript is insufficient. Section 287.490, V.A.M.S. provides that in workmen's compensation appeals the transcript on appeal shall consist of the original transcript filed in the circuit court by the Commission and a transcript of the proceedings had in the circuit court. The transcript on appeal filed herein is in compliance.

It was admitted that on June 16, 1965, the plaintiff, Avery Brown, was an employee of the defendant Boulevard Village, Inc., whose liability under the Workmen's Compensation Law was fully inured by Firemen's Fund Insurance Company.

Mr. Wendell Tolliver, a county courthouse employee, was passing near 31st and Hardesty streets, Kansas City, Missouri, on

the date in question, and observed claimant operating a power mower on a steep hill, saw the mower "conked out" and come back on Mr. Brown. He said the mower turned over and went across claimant's body. The claimant was not cut, was not bleeding, and said he was not hurt.

Plaintiff testified that between 9:00 and 10:00 a. m. on June 16, 1965, he was cutting grass on a hill with a power mower; that he got about half way up the hill when the mower "conked out" and rolled back on him and knocked him down. He said he "laid there a few minutes 'till I come to myself", that this fellow (Tolliver) ran up and said: "Are you hurt? I said 'No' ". The witness, however, said that he actually was hurt, but didn't want his foreman or overseer to know. Mr. Brown then resumed cutting the grass on level ground and continued working until evening. On the following day he went to the Kansas City Medical Hospital, where his back was x-rayed. His only complaints at that time were with reference to his back. Later plaintiff was interviewed by a representative of the insurer and told him that he had no injury other than to his back.

On June 18, Mr. Brown visited Dr. Harry B. Overesch, an orthopedic surgeon. This doctor testified that plaintiff complained of pain "in the flank and in the low back, also pain in the neck and head area". He said there were no complaints respecting the right leg or ankle. Dr. Overesch again examined plaintiff on July 14, 1965, or four weeks after the accident and found an enlargement of the right ankle. The doctor said he would attribute the ankle swelling to "perhaps phlebitis". He recommended treatment for phlebitis. He saw claimant on August 18, 1965, at which time plaintiff had no complaints about his ankle, and again on September 10, 1965, with neither complaints concerning nor swelling of the ankle. Dr. Overesch was the only physician who ever treated plaintiff.

Dr. William H. Duncan testified on behalf of the employee. The patient was referred to this doctor by claimant's attorney for examination and rating. He saw him on January 5, 1966. He did not know when the ankle condition started or its cause. It was his expressed opinion that if an injury to the ankle had been incurred in the accident of June 16, the pain would have come on immediately.

The records of Holiday Inn, Inc. show that plaintiff worked there as a bellhop for eight days, from June 22 to June 30, 1965. His duties included carrying luggage and cleaning up the premises.

In the claim for compensation dated July 21, 1965, the exact nature of the injuries were set forth as "neck, low back and ankle". It appears that this employee had earlier been paid compensation or damages for back injury. In any event, his attorney waived any claim in this matter for back injury and the claim therefore rests solely upon the alleged injury to the right ankle.

██ We quote from the recent opinion in Bauer v. Independent Stave Co., Mo. App., 417 S.W.2d 693, 696, 697, wherein the often declared rules for review in this type of case are again declared:

"The burden of bringing himself within the provisions of the law rests upon the workmen's compensation claimant. Leone v. American Can Company, Mo.App., 413 S.W.2d 558, 561(1); Merriman v. Ben Guman Truck Service, Inc., Mo., 392 S.W.2d 292, 296(5). To sustain this burden, the employee must not only show he suffered an injury, but additionally must show the injury resulted from an accident arising out of and in the course of his employment within the meaning of the Act. * * * Ray v. Great Western Stage & Equip. Co., Mo.App., 413 S.W.2d 576, 579(1).

\* \* \* \* \* \*

"This court (and the circuit court), upon a judicial review of a workmen's compensation claim, must determine if the award of the Industrial Commission is 'supported by competent and substantial

evidence upon the whole record'. Art. V, sec. 22, Missouri Constitution of 1945. In so doing all of the evidence and legitimate inferences arising therefrom must be viewed in the light most favorable to the award. We may not substitute our judgment on the evidence for that of the Commission for it is the Commission that passes upon the credibility of witnesses and the weight to be given conflicting testimony, and if conflicting inferences are permissible, the choice rests with the Commission as to which will be accepted".

In this case it is evident that claimant had an accident with the power mower on June 16, 1965, but did an injury to his right ankle arise from it? Has plaintiff sustained his burden of proving that it did? Is the award of the Commission denying compensation supported by sufficient competent evidence to warrant making the award which was made? If it is, we must affirm, and if conflicting conclusions are possible from the evidence, we must approve the decision of the Commission.

■ On appeal respondent suggests that there was sufficient evidence presented to authorize the Referee's award to claimant and the circuit court so held and approved the award of the Referee. It is the award of the Industrial Commission, rather than the award of the Referee, which is reviewed by the appellate courts. In Snethen v. American Compressed Steel, Inc. et al., Mo.App., 272 S.W.2d 850, 853, this court squarely so held and said:

"The fact that the referee, who saw and heard the witnesses found for plaintiff, and that the whole Commission, who only reviewed the record, reversed his findings and award and found for defendant, does not change the above rule, for it is the award of the Commission that we are reviewing. Michler v. Krey Packing Co., supra, 363 Mo. 707, 253 S.W.2d 136, 140; Woodward v. J. J. Grier Co., Mo.App., 270 S.W.2d 155".

■ Mr. Brown, immediately after the accident, said he was not cut and was not hurt. He worked the rest of the day. Six days later he was working as a bellhop for Holiday Inn, Inc., carrying luggage. His complaints at the hospital and to his only treating physician, Dr. Overesch, all had to do with pain in his back and neck—none as to his ankle. It was four weeks after the accident that swelling or enlargement of the ankle was first noticed, and then by the doctor—no complaints had even then been registered by the plaintiff. The doctor thought the condition was phlebitis, treated him for that and the condition improved. Dr. Duncan, who examined him in January, 1966, for the purpose of testifying, expressed the opinion that if the ankle had been injured in the accident of June 16, 1965, the pain would have been present almost immediately. In face of this evidence, we cannot say that the award of the Commission, denying compensation on the apparent theory that the ankle disability did not arise out of the accident, is unsupported by sufficient competent evidence to warrant the Commission's making the award.

The judgment of the circuit court is reversed and the cause remanded with directions to reinstate the award of the Commission denying compensation.

SPERRY, C., concurs.

PER CURIAM:

The foregoing opinion of MAUGHMER, C., is adopted as the opinion of the Court.

HOWARD, P. J., CROSS, J., and PAUL E. VARDEMAN, Special Judge, concur.

MORGAN, J., not participating because not a member of the Court when the cause was submitted.