Bryan E. ANDERSON, Appellant,

v.

**ELECTRIC STORAGE BATTERY COMPA-NY and Employers Mutual Liability Insurance Company, Respondents.**

No. 24972.

Kansas City Court of Appeals.

Missouri.

Oct. 7, 1968.

Homer R. Hines, L. R. Magee, Hines & Magee, Kansas City, for appellant.

Arthur Douville, Kansas City, for respondents.

MAUGHMER, Commissioner.

We have here a claim for workmen's compensation benefits. The referee found

that an accident had occurred but the claimant had sustained no compensable injury and therefore denied compensation. The commission affirmed. The circuit court affirmed and claimant has appealed. The only issue is whether or not the accident, the occurrence of which is not disputed, aggravated a pre-existing respiratory condition. As claimant in his brief before the commission stated it: "What we have in the case here is an aggravation of the pre-existing lung condition wherein this particular man is peculiarly susceptible to lung injury."

Plaintiff's evidence consisted of his own testimony, the deposition of Dr. Joseph H. Rohr and hospital records. The plaintiff, 26 years of age, was first employed by the defendant company in 1962. He worked as a laborer and was so employed on Friday, September 3, 1965. At about 8:30 a. m. he was repairing batteries at a work bench. The batteries which weighed about 35 pounds each, came to his work bench, ten at a time, loaded on a "skid." Mr. Anderson said he was lifting a battery from the skid to the bench and trying to hold the skid still with his foot when it slipped, "rolled out from under me and knocked me off balance." Claimant felt "something pop in my back on the right side." He continued working for a time but about 10:00 a. m. went to the company dispensary complaining that "my chest was hurting me— I couldn't hardly breathe and I had pain in the back." He said that Dr. J. J. Farnsworth, company physician, who saw him at the dispensary, told him he had pleurisy and taped his right chest and back. The claimant then resumed work but left early. He was off work the next three days— Saturday, Sunday and Labor Day—but returned on Tuesday. Over the week-end he had visited a private physician, Dr. Sperry, of Independence, who did not testify. On September 9, while working in the "charge room", where "there is a lot of battery fumes", he started having pain in his right chest and became short of breath. He was taken to Trinity Lutheran hospital and there seen again by Dr. Farnsworth.

On this occasion plaintiff was hospitalized from September 9 to September 19, 1965. He had a second hospitalization from September 30 to October 5, 1965. Mr. Anderson still works but just four days per week and says he gets along all right if he works easy, avoids heavy lifting and does not hurry. He still has chest pains and shortness of breath.

The deposition of Dr. Joseph H. Rohr, M. D., an allergist, was received on behalf of plaintiff. Dr. Rohr examined plaintiff at the request of his lawyers on two occasions, once on May 6, 1966 and again on May 20, 1966. The closest Dr. Rohr came in his testimony to any definite diagnosis was that "I call it advanced obstruction disease." His testimony is replete with findings showing plaintiff's breathing capacity is somewhat impaired and a statement that there had been a spontaneous collapse of one lung. Dr. Rohr said there was respiratory impairment. He talked about pleurisy, tuberculosis, bronchiectasis and emphysema but did not specifically say plaintiff had these conditions or any one of them. He thought plaintiff could do only light work, was 25 percent disabled, and that the accident, which had been described to him by plaintiff and in the hypothetical question, could have aggravated plaintiff's difficulties. The x-rays taken for Dr. Rohr showed that the lungs were clear and there was no pathology. He stated definitely that the accident could not have caused the condition but he thought it aggravated it.

Dr. J. J. Farnsworth, M. D., surgeon, and the company physician, saw the plaintiff at the dispensary soon after the accident and during his two periods of hospitalization. Dr. Farnsworth's diagnosis as to the cause of pain was pleurisy. The hospital records showed patient's blood tests, x-rays and electrocardiograms were normal. There is no question and all the doctors agree that this man had a spontaneous collapse of one lung and that he had some impairment of his respiratory facilities and is subject to shortness of breath. They also agreed that

such condition could not have been caused by the accident and Dr. Farnsworth said very definitely that the accident could not have aggravated the respiratory condition.

The defendants also presented testimony by deposition of Dr. Florence E. MacInnis, a specialist in pulmonary diseases. This doctor never examined the plaintiff. She did, however, examine the hospital records and testified as an expert in response to a hypothetical question. The clinical findings at the hospital, together with plaintiff's description of the accident, were incorporated into a hypothetical question and the doctor said that in her opinion the accident could not have caused the collapse of the lung or been a cause of plaintiff's hospitalization on either occasion. She said further that in her opinion there could be no connection between the accident and the deficiencies in pulmonary function tests which were found during the periods of hospitalization. Plaintiff objected to the testimony of Dr. MacInnis and argues that point strenuously on this appeal. The grounds of the objection were (1) that her opinion is hearsay; (2) that it invades the province of the referee, the trier of the facts; (3) that it is an attempt to resolve a medical difference and (4) that her testimony was not based on an examination actually conducted by her. These objections were properly overruled. Hypothetical opinion evidence is always based upon hearsay and is admissible whether the trier of the facts be a jury or a referee. It is also not necessary to have personally examined the patient. The timeliness of notice of Dr. MacInnis's report was waived and no continuance was requested.

The burden of proof is upon plaintiff to prove his case. Plaintiff has cited numerous opinions as to the scope of appellate review. It is unnecessary to review those authorities. The rule is that the courts in reviewing the action of the commission will of course consider the whole record in the light most favorable to the award of the commission to determine whether the findings are supported by sub-stantial and competent evidence upon the whole record and are not contrary to the overwhelming weight of the evidence. Snowbarger v. M. F. A. Central Cooperative et al., Mo.Sup., 349 S.W.2d 224, 225, 226.

Accepting all of plaintiff's evidence as true, we could only find (1) He slipped but did not fall or strike anything; (2) He immediately thereafter felt something "pop" and he suffered pain in the chest and back and difficulty in breathing; (3) There is no contention that claimant's respiratory impairment was caused by the accident; (4) It might be conceded that claimant has what his physician, Dr. Rohr, an allergist, described as "advanced obstruction disease", be it pleurisy, bronchitis, bronchiectasis, tuberculosis or emphysema. Dr. Rohr did not diagnose any one of these. However, he said the condition could not have been caused by the accident. He said plaintiff had a lung or respiratory weakness and the accident, he thought, could have "aggravated" the impairment; (5) Dr. Rohr examined plaintiff more than eight months after the accident at the request of plaintiff's attorneys.

On the other side we have the testimony of Dr. Farnsworth, who had claimant under his care on the day of the accident and during the periods of hospitalization. Dr. Farnsworth was definite in his opinion that the accident did not cause claimant's respiratory difficulties or aggravate them. To the same effect is the testimony of Dr. MacInnis, who was offered as an expert witness.

While we do not review the evidence de novo and may not substitute our conclusions for that of the commission, we believe it would be highly speculative to conclude that the slipping of plaintiff's foot while lifting a 35 pound battery, with no fall and no immediate disabling distress, aggravated or worsened the respiratory ailments which claimant admittedly had. Certainly we cannot say that the finding of the commission is unsupported by sub-

stantial and competent evidence or is contrary to the overwhelming weight of the evidence. Considering the whole record in the light most favorable to the award, we believe the commission came to the only logical conclusion.

The judgment of the circuit court affirming the award of the commission which denied compensation is affirmed.

SPERRY, C., concurs.

PER CURIAM:

The foregoing opinion of MAUGHMER, C., is adopted as the opinion of the Court.

All concur.