**Murrell McCLAIN, Plaintiff-Respondent,**

v.

**YELLOW CAB COMPANY and Transit Casualty Company, Defendants-Appellants.**

**No. 8835.**

Springfield Court of Appeals.

Missouri.

March 12, 1969.

Mayte B. Hardie, Miller, Fairman, Sanford, Carr & Lowther, Springfield, for defendants-appellants.

Raymond E. Whiteaker, Woolsey, Fisher, Clark, Whiteaker & Fields, Springfield, for plaintiff-respondent.

TITUS, Judge.

Workmen's compensation benefits [1] under Chapter 287 [2] were awarded Murrell McClain because of a hernia he suffered on November 27, 1966, while allegedly in the employ of the Yellow Cab Company of Springfield, Missouri. After the employer and insurer applied for a review (§ 287.-480), The Industrial Commission of Missouri (Commission) affirmed and adopted the initial award and findings of the referee for the Division of Workmen's Compensation (§ 286.090). Upon appeal to the Circuit Court of Greene County the

---

1. The award allowed claimant $360 for "a healing period of ten weeks" and $462.80 for medical aid not furnished by employer and insurer. Prior to 1957, the provisions of the hernia statute (§ 287.-195) were contained in subd. 4 of § 287.190 relating to permanent partial disabilities and the healing period allowed in addition to other permanent partial disability benefits. In 1957 the legislature divorced the hernia provisions from § 287.190 and placed them in a new and separate section, § 287.195. The referee made a specific finding "that employee sustained no permanent partial disability as a result of said accident." Since the authority to award compensation for a "healing period" is found only in § 287.190, and as claimant sustained no permanent partial disability, we are of the opinion it was error to allow compensation for a healing period. To have been technically correct, if claimant was entitled to ten weeks of disability benefits the awards and judgment should have been for ten weeks of temporary total disability under § 287.-170.

2. Statutory references are to V.A.M.S., RSMo 1959.

Commission's final award was affirmed, and the employer and insurer have now appealed to this court (§ 287.490), contending that the hernia did not result from an accident (as found by the referee and the Commission), that McClain was not an employee of the Yellow Cab Company, and that the evidence was not sufficient to support an award allowing compensation for ten weeks of disability. If the hernia did not result from an accident, the claimant is not entitled to an award regardless of what our decision may be on the other issues. Therefore, we first proceed to resolve the accident question.

McClain, age 50, had been a taxicab driver for about 24 years prior to the event in issue. In addition to driving the taxi, his usual duties involved lifting. He testified, "A lot of times we have passengers that have a lot of luggage and we have to load that and unload it when we get to the destination." His testimony regarding the occurrence is brief and we relate all he had to say on the subject:

"A. Well, sir, I was loading luggage in the truck [sic] of the taxicab getting ready to deliver a passenger, I started to pick up a large suitcase to put in the trunk of the car and I hurt my side, felt a stinging in my side, I set the suitcase down [in the trunk] and went ahead and delivered the passenger and the next day I went to the doctor. * * * it was a large suitcase but I didn't think it was as heavy as it was, when I started to swing it up and set it up in the trunk of the taxicab that's when I noticed I hurt myself. Q. It was heavier than you anticipated? A. Yes, sir. * * * Q. Do you have any idea what made this suitcase any heavier than any of the others? A. No, I don't. * * * [It] looked like any of the rest of them. * * * [But] I would say it was heavier. * * * Q. * * * you stated that this suitcase was heavier than the average suitcase, is that right? A. Well, I would say it was. * * * Q. How much heavier would you say it was? A. I don't have no idea on that, I would say it was heavier than what I had been used to picking up, I didn't expect it to be that heavy."

To rescent a worn trail of legal cliches, we iterate that each workmen's compensation case must be decided upon its own particular facts [Kunce v. Junge Baking Company, Mo.App., 432 S.W.2d 602, 607(5)], that the burden is on the claimant to prove all the material elements of his claim and produce sufficient facts to bring himself within the provisions of the law [Meilves v. Morris, Mo., 422 S.W.2d 335, 339(5); Anderson v. Electric Storage Battery Company, Mo.App., 433 S.W.2d 73, 75(3); Leone v. American Can Company, Mo.App., 413 S.W.2d 558, 561 (1)], and that the claimant must not only demonstrate he suffered an injury but must additionally show the injury resulted from an accident [§§ 287.020, subd. 2, and 287.-195; Brown v. Boulevard Village, Incorporated, Mo.App., 422 S.W.2d 389, 391(3)].

The claimant's testimony, supra, constitutes the only evidence in the case relative to the occurrence in question. Hence no question of conflict, credibility or weight of the evidence is present, and this is therefore a case where the proper award which should have been entered is a matter of law, and a situation where we decide whether or not the hernia resulted from an accident as a matter of law without homage to the general rule which usually requires appellate courts to defer to the Commission's findings where the testimony is conflicting and the findings of the Commission are not contrary to the overwhelming weight of the evidence. Mason v. F. W. Strecker Transfer Company, Mo.App., 409 S.W.2d 267, 270(1); Baker v. Krey Packing Company, Mo.App., 398 S.W.2d 185, 187(1, 2).

Our statute (§ 287.020, subd. 2) defines "'accident' * * * to mean an unexpected or unforeseen event happening suddenly and violently, with or without

human fault and producing at the time objective symptoms of an injury." However, § 287.195 disjunctively specifies two separate and distinct bases on which to bottom a compensable hernia claim, i. e., a hernia is compensable if, inter alia, it "be definitely proved * * * (1) That there was *an accident or unusual strain* resulting in hernia." (Emphasis is ours.) The disjunctive provisions of § 287.195(1) make it unnecessary for us to forage among the cases fore and aft of Crow v. Missouri Implement Tractor Company, Mo. (banc), 307 S.W.2d 401, 405(1), to illustrate that "where an employee's injury is the result of an unusual or abnormal strain arising out of and in the course of his employment, the injury is compensable. An abnormal strain may, therefore, be classified as an accident even though not preceded or accompanied by a slip or a fall." We also note the force which causes an unusual or abnormal strain may come "entirely from the physical exertion rather than from sources external to the body." Williams v. Anderson Air Activities, Mo.App., 319 S.W.2d 61, 65(1). If there still be, in fact, a distinction between "accident" and "unusual strain," as suggested by § 287.195, and assuming "accident" to mean the occurrence of some untoward event such as a slip or a fall, we have no difficulty in finding no such "accident" produced McClain's hernia, for there is no evidence the injury was caused by what we here call (for lack of a better name) an old-fashioned or pre-Crow variety of workmen's compensation accident. Consequently, we proceed to determine if there is sufficient evidence to support a finding that the hernia resulted from an unusual or abnormal strain.

Performance of any manual task is accompanied by a certain degree of straining the muscles and other parts of a workman's body. The amount of strain incurred will, of course, vary according to the work to be accomplished and the circumstances and conditions under which it is being performed. Injuries produced by strains which are normal for the job to be performed in a customary fashion are not compensable although the amount of straining may be great or would be considered abnormal in other classes of employment or if performed in an abnormal manner under unusual circumstances. Cf. Hinderliter v. Wilson Brothers, Mo.App., 412 S.W.2d 558; Hall v. Mid-Continent Manufacturing Company, Mo.App., 366 S.W.2d 57. On the other hand, if "an employee suffers an unexpected and abnormal strain (at least while he is engaged in doing something beyond and different from his normal routine) and, as a result thereof, sustains an injury which is not the result of orderly natural causes, the injury is [the result of] an accident * * *." Williams v. Anderson Air Activities, supra, 319 S.W.2d at 65(1). "The common thread which runs through" the cases holding the injury to be compensable "is that in each case, either because of the employee's precipitate outburst of voluntary effort or through the application of some external force, the employee was subjected to an abrupt and intense bodily stress which caused his disability. Thus, the finding that there was an 'unusual or abnormal strain' could, in each case, be equated with the requirement that there be an 'event happening suddenly and violently.'" Flippin v. First National Bank of Joplin, Mo.App., 372 S.W.2d 273, 280. For example: our Supreme Court said in Davies v. Carter Carburetor, Div. ACF Indus., Inc., Mo., 429 S.W.2d 738, 747(5), "We hold * * * that being thrown off balance resulted in more strain being placed on claimant than he anticipated he would exert. When the loss of balance causes added strain and is unexpected and unforeseen, resulting in injury, it is compensable." In Sita v. Falstaff Brewing Corporation, Mo.App., 425 S.W.2d 487, claimant was attempting to lift a hand truck and five cases of beer over a step and platform which were "higher than the usual objects over which [he] usually lifted his loaded

hand truck—and this lift required more-than-usual physical exertion, applied from an abnormal, bent-over position" when the employee "[j]ust strained too much." A misplaced cart in Luketich v. Krey Packing Company, Mo.App., 413 S.W.2d 29, interrupted claimant's normal routine of handling beef hindquarters but did not halt the meat's momentum which threw an unusual strain upon his body. "The position of the waste cart caused the employee to do this work in an abnormal manner and thus an abnormal stress was placed upon his back" (l. c. 36). The employee in Miller v. Lever Brothers Company, Mo.App., 400 S.W.2d 625, was injured in trying to extract a stuck case from a machine, "a task the like of which he had not experienced," and while "using all the strength I had to get it out." A truck driver was injured in Merriman v. Ben Gutman Truck Service, Inc., Mo., 392 S.W.2d 292, while moving a heavy coil of rope. He was forced to assume an extended position which placed him completely out of a normal, usual or routine lifting position and to exert "his full force in that position." The event of the abnormal strain in Brotherton v. International Shoe Company, Mo.App., 360 S.W.2d 108, 112, "was preceded by several almost simultaneous occurrences, including the bouncing on the end of the pipe with upraised arms, the striking the floor, the slipping, the jerking upward." The claimant in Williams v. Anderson Air Activities, supra, 319 S.W.2d 61, undertook to lift a table assembly which "was so heavy" when the legs thereon "was hung." He got beneath the table in a bent-over position to lift with his back. The injury was experienced when he "put his hands on his knees, rose on his toes" and gave "a kinda extra surge." Unlike the instant case where the "accident" is disputed, in Crow v. Missouri Implement Tractor Company, supra, 307 S.W.2d at 403, it was conceded "that the evidence supported the finding of the Commission that Crow 'sustained an abnormal strain' and that it caused" his injury. Crow's abnormal strain occurred while he was doing something beyond and different from his normal routine, i. e., when a corn picker elevator weighing more than 150 pounds "dropped right on my [upstretched] hands and arms * * * pushed * * * my arms down in my shoulders * * * because I had more there than I could hold." Finally, in State ex rel. United Transports, Inc. v. Blair, 352 Mo. 1091, 180 S.W.2d 737, claimant was changing a tire and the lug was stuck so that the usual and ordinary force was insufficient to remove it. The employee exerted unusual force in an unusual manner by putting his foot on the pipe and tugging, thus producing the strain which resulted in a hernia.

The record in this case is barren of any suggestion that McClain, when injured, was doing something beyond and different from his normal routine because "a lot of times we have passengers that have a lot of luggage and we have to load that and unload it." There is no evidence the claimant was subjected to any strain, either usual or unusual, because he slipped, tripped, fell, twisted, turned, became overbalanced or unbalanced, struck any object or was struck by any object before or at the time he "felt a stinging in my side." McClain did not assume an unusual stance or position, and does not claim he experienced any strain because his handhold slipped or because the suitcase was unwieldy or because its unknown contents shifted any weight onto him. The trunk of the taxi, as far as we know, was the standard height from the ground and did not require the employee to undertake a higher-than-usual lift. Nothing is said to indicate that McClain, in stowing the luggage, gave or was required to give "a kinda extra surge" or that he exerted "his full force" or used "all the strength I had." No person or object was encountered that produced any strain by causing him to deviate from the usual method employed in his work. The suitcase did not strike anything or get "hung" on any object; neither was its weight dropped or thrown onto the employee.

Our hernia statute (§ 287.195) establishes the conditions under which a hernia must appear in order that it be compensable, and the fact our compensation act includes special provisions governing the compensability of hernias implies there are conditions under which a hernia may appear and not constitute a compensable injury. 99 C.J.S. Workmen's Compensation § 185 at p. 634. As previously noted, one specific requirement is that it must be "definitely proved * * * That there was an accident or unusual strain resulting in hernia." Thus, as in other types of workmen's compensation cases, the "accident or unusual strain" is not the injury (hernia), and the fact a hernia appears is no proof, in and of itself, of an accident or unusual strain. Errante v. Fisher Body Div., General Motors Corp., Mo.App., 374 S.W.2d 521, 523(2).

"Any theory of abnormal strain involves a consideration of the degree of physical exertion. And the very use of the term 'abnormal' (usually joined with the tautological 'unusual') necessitates a reference to the comparative." Withers v. Midwest Footwear, Inc., Mo.App., 421 S.W.2d 800, 804. The objects for comparison in this case are (1) "average" suitcases and (2) a "heavier" suitcase, whatever they or it may be; the subjects for comparison are (a) the degree of physical exertion required to lift an "average" suitcase and (b) the degree of physical exertion needed to lift a "heavier" suitcase. Since "heavier" is the comparative degree of "heavy," we assume an "average" suitcase is heavy or, at least, consists of some weight. Unfortunately, however, the record does not disclose the weight (in ounces or pounds) of an "average" suitcase or a "heavier" one, and McClain had "no idea" of their comparative or relative weights. The claimant did not attempt to relate what degree or comparative degree of physical exertion he expended or was required to expend in lifting either type of luggage. Granted the lifting of a "heavier" suitcase or one heavier than anticipated may entail the use of more physical exertion than the lifting of an "average" one, the expenditure of merely more physical energy while the workman is performing his ordinary duty in a normal manner without proof of overexertion or excessive strain does not constitute an abnormal or unusual strain, and any effort to effect a comparison between objects and subjects which are unknown and unidentified, save for being denominated as "average" or "heavier," would be predicated wholly upon imagination and supposition. In the absence of any facts by which the involved objects could be compared with any semblance of accuracy, and sans any expression from the claimant as to the amount of physical exertion he expended, the error in the Commission's process of conclusion and inference lies in its deduction that lifting a suitcase described only as being "heavier" constitutes, per se, an unusual or abnormal strain. In our opinion there is a failure of proof that the claimant, on the occasion in dispute, experienced either by way of physical exertion or from forces external to his body a strain of such an exceptional degree that it could be properly classified as being unusual or abnormal to that customarily experienced in the discharge of his usual duties. Being of such a mind makes it unnecessary that we belabor the other issues presented.

The judgment of the circuit court is reversed and the cause is remanded with directions to enter up a new judgment reversing the final award of the Commission.

HOGAN, P. J., and STONE, J., concur.